UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:06-60307-CIV--COOKE/BROWN

BP PRODUCTS NORTH AMERICA,
INC., a Maryland corporation,

     *Plaintiff*,

vs.

SUPER STOP 79, INC., a Florida Corp. and
MAHAMMAD QURESHI, an individual,

     *Defendants*.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNTS IX, X, AND XI

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Counts IX, X, and XI, filed April 15, 2006. Plaintiff filed its response on May 19, 2006. The Defendants did not file a reply brief. The Court having reviewed the Motions finds, for the reasons set forth below, that Defendants' Motion should be denied.

### I.    BACKGROUND

In this action, Plaintiff BP Products North America, Inc. ("BP") seeks to enjoin the Defendants Super Stop 79, Inc. ("Super Stop") and Mohammed Qureshi ("Qureshi") from the alleged unauthorized sale by them of non-BP fuel while using BP trademarks in violation of the Lanham Act (15 U.S.C. § 1114 et seq.) and Florida law. See Compl. BP alleges that Super Stop is a Florida corporation with its principal place of business in Broward County, Florida. Id. at ¶ 2. BP avers that since 1995 Super Stop has operated a BP Station at 5411 West Sterling Road in Davie, Florida (the "Davie Station"). Id. According to BP, Quershi is a Florida citizen residing in

the Southern District of Florida who holds himself out as the President of Super Stop.  Id. at ¶ 3.

BP asserts that: (i) the BP name; (ii) the Green and Yellow Design mark; (iii) the BP Helios mark; (iv) the Amoco name; (v) the Silver mark; and (vi) the Ultimate mark (collectively referred to as the "Marks") are registered with the U.S. Patent and Trademark Office and have been continuously used by BP.  Id. at ¶ 7, 10.  BP alleges that it uses the marks as a "key component of its effort to sell, distribute and market gasoline, automotive and convenience-store services."  Id. at ¶ 8.  BP avers that it licenses its Marks in the U.S. on a limited basis.  Id. at ¶ 12-16.  BP alleges that since 1995 Super Stop has operated the Davie Station and prominently displayed BP Marks to customers and potential customers at the Davie Station.  Id. at ¶ 17-18.  BP avers that the use of BP Marks at the Davie Station is governed by: a Dealer Supply Agreement dated January 19, 2005 ("Supply Agreement"); and a Rider Dealer Supply Agreement dated January 19, 2005 ("Rider") between BP and Super Stop.  Id. at ¶ 19.  According to BP, these agreements establish the following: (i) Super Stop may only use the BP Marks in connection with the advertising, distribution, and/or sale of BP products; (ii) Super Stop may only use the BP Marks in accordance with the guidelines and standards issued by BP; (iii) Super Stop cannot use the BP Marks in connection with the advertising, distribution, or sale of any product not selected or supplied by BP; and (iv) if Super Stop for any reason discontinues the sale of any grade of BP's motor fuels then it must remove from display on the Davie Station or conceal in a manner approved by BP all signs, decals, logos, emblems, and trade identities of BP.  Id. at ¶ 21.

BP contends that since at least February 2006, Super Stop used the BP Marks to sell non-BP fuel.  Id. at ¶ 22.  Further, BP alleges that the fuel being sold at the Davie Station is not a product designed or supplied by BP.  Id. at ¶ 23.  In addition, BP alleges that the Davie Station

has ceased buying BP fuel. Id. at ¶ 24. BP asserts the following causes of action: trademark and service mark infringement under § 32 of the Lanham Act (15 U.S.C. § 1114), common law trademark and service mark infringement; false designation of origin under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a); common law unfair competition; and dilution and tarnishment under § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

## II. PROCEDURAL HISTORY

Defendants filed their Motion to Dismiss Counts IX, X, and XI on April 15, 2006. Plaintiff filed its response on May 19, 2006. The Defendants did not file a reply brief. However, on November 1, 2006, this Court ordered the Parties to submit additional briefs on several issues outlined in Defendants' Motion. See DE 53. In compliance with that Order, the Parties submitted additional briefs on November 23, 2006. Thus, Defendants' Motion to Dismiss Counts IX, X, and XI is ripe for adjudication.

## III. STANDARD

### A. STANDARD GOVERNING 12(B)(6): FAILURE TO STATE A CLAIM

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim." Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)). See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d

1171, 1174 (11th Cir.1993). However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47-48 (1957).

### B.   STANDARD GOVERNING 12(B)(3): IMPROPER VENUE

The Eleventh Circuit has established that motions to dismiss premised upon choice of forum and/or choice of law clauses are properly brought pursuant to 12(b)(3) of the Federal Rules of Civil Procedure as motions to dismiss for improper venue. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998). Therefore, this Court will consider Defendants' forum selection clause arguments under a 12(b)(3) improper venue analysis. In considering a motion to dismiss for improper venue, "the court may consider matters outside the pleadings such as affidavit testimony, 'particularly when the motion is predicated upon key issues of fact.'" Wai v. Rainbow Holdings, 315 F.Supp.2d 1261, 1268 (S.D.Fla.2004) (quoting Webster v. Royal Caribbean Cruises, Ltd., 124 F.Supp.2d 1317, 1320 (S.D.Fla.2000)). On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper. Wai, 315 F.Supp.2d at 1268. The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper. Id. Finally, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. Id.

### IV.    ANALYSIS

In their Motion, the Defendants seek to dismiss Counts IX, X, and XI of the Complaint on the grounds that a forum selection clause requires those claims to be brought in the Seventeenth Judicial Circuit Court in and for Broward County, Florida.  Mot. 3-5.  Additionally, Defendants seek to dismiss Count VII's claims against Defendant Mahammad Qureshi.  The Court will address each of Defendants' contentions in turn.

#### A.    COUNTS IX, X, AND XI SHALL NOT BE DISMISSED

Counts IX and X of the Complaint assert causes of action for amounts which the Defendants allegedly owe to Plaintiff under the terms of two separate promissory notes (Notes I and II respectively).  Count XI of the Complaint asserts that Defendant Qureshi breached a personal guaranty by allegedly failing to repay monies allegedly owed to Plaintiff under the terms of a Supply Agreement, a Rider, and Notes I and II.  However, Defendants contend that Notes I and II contain forum selection clauses which establish that the Seventeenth Judicial Circuit Court in and for Broward County, Florida is the exclusive forum and jurisdiction for any action brought to recover upon Notes I and II.  Notes I and II were attached to the Amended Complaint as Exhibits E and F.  The forum selection clauses contained within the Notes state the following:

> The parties acknowledge and agree that any action or proceeding by the Borrower or any guarantor (as the case may be) against the Lender or by Lender against the Borrower or any guarantor with respect to any matters arising out of or in any way relating to the Note shall be brought exclusively in the State of Florida, before the Circuit Court in and for the County of Broward, Florida (the "State Court") and, accordingly, venue and/or jurisdiction shall lie therein.  Further, the Borrower and Lender (by its acceptance of delivery of this Note) hereby irrevocably consent and submit to the jurisdiction of the State Circuit with respect to any action or proceeding brought therein concerning any matters arising out of or related to the Note.

Compl. Exs. E and F.

It is well settled that parties to a contract may bargain in advance to select the forum in which their disputes will be adjudicated. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-14 (1972). It should be noted, that the Eleventh Circuit has established that consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a), not state law. See P & S Business Machines, Inc., v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir.2003) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28- 29 (1988)). The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. Canon USA, Inc., 331 F.3d at 807 (citing In re Ricoh Corp., 870 F.2d 570, 573-74 (11th Cir. 1989)). Thus, a forum selection clause should be enforced unless a strong showing is made that enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching. See In re Ricoh Corp., 870 F.2d at 573-74.

In its opposition, BP did not suggest or contend that the forum selection clauses at issue in the present action should be found invalid due to fraud or overreaching. Instead, BP contends that enforcement of the clauses would result in burdensome piecemeal litigation, which may result in inconsistent judgments. This Court agrees. It is true that the Parties agreed to a clear and unambiguous forum selection clause which designates the Circuit Court in and for Broward County, Florida as the exclusive jurisdiction to resolve actions related to Notes I and II. However, enforcement of the forum selection clauses may result in inconsistent judgments between this Court and the Florida state court. For instance, if this Court were to enforce the forum selection clauses then two separate suits may arise between the Parties. One suit would be

pending before this Court while the second would be before the Circuit Court for Broward County, Florida.  The federal suit would be premised upon Lanham Act trademark infringement violations while the state court action would be premised upon a breach of contract action.  However, the claims arise out of the same operative facts.  Moreover, it appears that a finding that the Defendants committed trademark infringement would necessarily compel a finding that the Defendants breached the terms of the Notes.  See Supply Agreement.  Similarly, a finding that the Defendants breached the Notes may compel a finding that they committed trademark infringement.  See id.  Thus, it appears that the trademark infringement and breach of contract claims are intertwined such that this Court's analysis in the trademark infringement action would appear to have significant bearing on the breach of contract action.  Therefore, the Court finds that the forum selection clauses contained within Notes I and II should not be enforced because to do so may result in inconsistent judgments and a waste of judicial resources.  See BP Products North America, Inc. v. Coral Petroleum, Inc., No. 06-80671, 2006 WL 2852829, at *2 (S.D. Fla. Oct. 2006) (finding that remanding two claims pursuant to a forum selection clause while retaining jurisdiction over other claims would waste judicial resources and raise the possibility of competing judgments).

     Further, given this Court's holding that the forum selection clauses contained within Notes I and II should not be enforced the Court finds that Plaintiff is not prohibited from bringing Count XI as a means to enforce Defendant Qureshi's alleged guaranty to repay Plaintiff monies allegedly due under Notes I and II.  See Exs. E and F.  Consequently, Count XI shall not be dismissed.

### B. COUNT VII SHALL NOT BE DISMISSED

Next, Defendant Qureshi seeks to dismiss Count VII's claims, for breach of the Supply Agreement and Rider, against him. Defendant Qureshi presents several arguments in support of dismissal. First, Defendant Qureshi argues that the claim cannot be brought against him because he was not a party to the Supply Agreement and/or Rider. Further, Defendant Qureshi argues that the guaranty cannot serve as a means to tie him to the Supply Agreement because it was signed in 1995 and is not applicable to the 2005 Supply Agreement and Rider. Finally, Defendant Qureshi argues that there are insufficient allegations in the Amended Complaint to demonstrate any nexus between the guaranty sued upon and the 2005 Supply Agreement. Thus, Defendant Qureshi appears to argue that Plaintiff has failed to meets its burden under Rule 8(a) of the Federal Rules of Civil Procedure. However, the Court finds Defendant Qureshi's arguments to be premature at this juncture.

The Court will address the sufficiency of Plaintiff's allegations as a preliminary matter. As previously discussed, the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47-48. In the present action, Plaintiff alleges that the Defendants entered into a Supply Agreement and Rider with BP which they allegedly breached. Amended Compl. at ¶ 65-68. Additionally, the Complaint states "Mahammed Qureshi personally guaranteed the payment of any and all debts of Super Stop to BP, howsoever such indebtedness may arise. Mahammed Qureshi breached his guaranty obligation to BP by failing to repay BP monies due pursuant to the Supply Agreement, Rider, Note I and Note II."

Id. at ¶¶ 89-90.  Thus, the Complaint alleges that Defendant Qureshi guaranteed the payments under the Supply Agreement and Rider.  While Defendant Qureshi is correct in his contention that the Complaint does not set forth which specific Supply Agreement and Rider Defendant Qureshi allegedly guaranteed, the Court finds that Plaintiff has adequately stated a claim under Rule 8(a) of the Federal Rules of Civil Procedure.  To hold otherwise would impose a significantly higher burden than is required under the Federal Rules of Civil Procedure.  See Conley, 355 U.S. at 47-48.  Moreover, the Court finds Defendant Qureshi's contentions concerning whether he was a party to the Supply Agreement and Rider and whether the guaranty involved in this case is applicable to the 2005 Supply Agreement and Rider to be premature at this juncture.  The proper resolution of these arguments would appear to require this Court to consider issues of fact which are outside of the pleadings.  Therefore, the Court will not address these arguments at this juncture.  However, Defendant Qureshi may re-raise these arguments through a properly submitted motion for summary judgment.

### V.   CONCLUSION

For the reasons set forth above it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Counts IX, X, and XI is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 7th day of December, 2006.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

All Counsel of Record